NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MARLENE ELIZABETH AGUILAR-
CERON; et al.,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   16-70891

Agency Nos.   A202-185-086
                  A202-185-087

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Marlene Elizabeth Aguilar-Ceron and her minor child, natives and citizens

of El Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for asylum, and Aguila-Ceron's applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

In their opening brief, petitioners do not raise, and therefore waive, any challenge to the agency's dispositive determination that they failed to establish that the government of El Salvador was unable or unwilling to control the agents of the harm they experienced or fear. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Petitioners' asylum claim, and Aguilar-Ceron's withholding of removal claim, thus fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT protection because Aguilar-Ceron failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

16-70891

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**